OPINION OF THE COURT
Anthony J. Sciolino, J.
The above-named petitioner, pursuant to the provisions of section 439 of the Family Court Act, has filed written objections to the findings of fact of the Hearing Examiner.
*616 The court has reviewed the pleadings, written objection and the tape recorded hearing and finds as follows:
The petitioner has objected to the order of the Hearing Examiner for two reasons: (1) that the Hearing Examiner is without authorization to prohibit the administrative add-on; and (2) that the Hearing Examiner failed to apply the requirements of Family Court Act § 413 (1) (f) (8).
This court has clearly stated that it abhors the Child Support Enforcement Unit’s (CSEU) policy of issuing an administrative add-on to collect retroactive support. Retroactive support accumulates from the time the petition is filed until an order is entered. In this matter, the Hearing Examiner issued a decision September 30, 1992, but no order was even submitted to the court until March 5, 1993. The order was signed and entered March 9, 1993.
The Hearing Examiner ordered payment of retroactive support in the amount of $5 per week, after a review of the financial information and condition of the respondent. CSEU would like to collect current support plus $5 per week as ordered by the Hearing Examiner, plus the additional $50 add-on.
This court maintains that CSEU in its overzealous attempts to collect support and in total disregard for those paying child support has misinterpreted the statute. Family Court Act § 440 (1) (a) provides in pertinent part "Any retroactive amount of support due shall be support arrears/past due support and shall be paid in one sum or periodic sums, os the court directs” (emphasis added). It strains credibility to believe that the Legislature gave the court the power to determine how retroactive support should be paid, and then gave CSEU the right to collect an additional amount above and beyond that. Rather, it makes more sense to believe that the Legislature intended that in the event payments are not made, retroactive support could be collected along with current support due, pursuant to the provisions of CPLR 5241. The petitioner’s objection in that regard is therefore denied.
As to petitioner’s second contention that the Hearing Examiner failed to consider the facts required to find a variance pursuant to Family Court Act § 413 (1) (f) (8), the Hearing Examiner found a variance based upon respondent’s support of children who are not the subject of the within proceeding. To make that finding, the Hearing Examiner was required to consider the following: (1) the needs of the children residing in *617 respondent’s household; (2) the financial resources of respondent’s household; and (3) that the resources available to support the children in respondent’s household are less than the resources available to support the children who are the subject of the instant proceeding. (Matter of Copeland v Evans, 181 AD2d 1062 [4th Dept 1992].) Respondent has provided no such proof. While factors 1 and 2 were considered, there was no information as to factor 3. As the resources available to support the nonsubject children may well be less, this matter is remanded to the Hearing Examiner for consideration of that issue only.
The objection is in all other respects denied.