OPINION OF THE COURT
Ann Marie Taddeo, J.
Pursuant to Family Court Act § 439, petitioner, the Department of Social Services, on behalf of Annette Webb, has filed written objections to the order of the Hearing Examiner dated November 14, 1995.
BACKGROUND
This proceeding originated upon respondent’s objection to a proposed adjusted order of support (upward adjustment) filed by the Child Support Enforcement Unit pursuant to Family Court Act § 413 (3) and Social Services Law § 111-h. At the hearing, the issue arose as to the proper assignment of the burden of proof. The Hearing Examiner held that the Department of Social Services bears the burden of proof as to the propriety of a support adjustment where the respondent files an objection to a proposed adjusted order. Having found that the Department "presented no evidence to support their request for adjustment”, the Hearing Examiner granted respondent’s objection and directed that the proposed order be returned unsigned. It is the Hearing Examiner’s assignment to the Department of the burden of proof which forms the basis for petitioner’s objection.
STATUTORY FRAMEWORK
Pursuant to chapter 59 of the Laws of 1993 (eff July 1, 1993), the Child Support Enforcement Unit was charged with the review and adjustment of child support orders payable to the Support Collection Unit. "In any case in which there is an assignment of support rights or in which a request for an adjustment review is made, the support collection unit shall initiate a review of the order for adjustment purposes no later than three years after the establishment, adjustment or modification of the order or the most recent review”, subject to specific enumerated exceptions. (Social Services Law § 111-h [12].) The legislation mandates that a support order be adjusted if, as of the date of the Support Collection Unit’s review, the correct amount of child support as calculated pursuant to the Child *838 Support Standards Act would deviate by at least 10% from the child support ordered in the last permanent support order of the court. (Family Ct Act § 413 [3] [a]; see, 18 NYCRR 347.26 [e] [5].)
It is the responsibility of the Support Collection Unit to conduct a "review” to determine whether adjustment is appropriate. (Family Ct Act § 413 [3] [a]; Social Services Law § 111-h [12].) Pursuant to the applicable regulations, "[r]eview means an objective evaluation by the child support enforcement unit (CSEU) of information necessary for application of the State’s child support guidelines to determine whether the amount of the parties’ existing child support order should be adjusted”. (18 NYCRR 347.26 [a] [4].)
The regulations set forth in detail the procedure to be followed in conducting a review. (18 NYCRR 347.26 [e].) Upon the conclusion of a review, if the Support Collection Unit determines that there is an adequate basis for an upward adjustment (see, 18 NYCRR 347.26 [e] [5]), it must file with the appropriate court a notice of adjustment, a proposed adjusted order, an affidavit in support of the adjustment and an affidavit attesting to the date on which those documents were mailed to the parties. (18 NYCRR 347.26 [f] [1].) Where a basis for downward adjustment is found, these papers must be filed and served by a party seeking the adjustment. (18 NYCRR 347.26 [f] [2].)
Upon receipt of an adjustment finding and proposed order, an aggrieved party has 30 days to file written objections. If objections are submitted, a hearing must be scheduled at which the parties will have the right to be heard by the court and to offer evidence in support of or in opposition to adjustment of the support order. (Family Ct Act § 413 [3] [c].) Specifically, evidence may be submitted on the issue of whether the presumptive basic child support obligation set forth in the proposed order is unjust or inappropriate and whether the reviewed order should be adjusted pursuant to Family Court Act § 413 (3). (18 NYCRR 347.26 [f] [1] [iii].) If the court receives no written objections to the support order within 35 days of the mailing of the proposed order, the clerk of the court must sign the order immediately. (Family Ct Act § 413 [3] [c].)
DISCUSSION
Under the statutory framework, the decision of the Support Collection Unit following its statutorily mandated review is a final determination on the issue of adjustment absent the filing *839 of objections. Thus, contrary to the Hearing Examiner’s position, it is the filing of objections, and not the filing of a proposed adjusted order, which constitutes a request for judicial review.
As a general rule, the burden of proof is on the party asserting the affirmative of an issue. (Matter of Grossman v Rankin, 43 NY2d 493 [1977].) In the case of child support adjustment, the party filing objections to a proposed adjusted order is asserting the impropriety of the adjustment, and, therefore, bears the burden of proof. (See, Grossman v Rankin, 43 NY2d, at 502, supra.)
As to the nature of the burden, in order to successfully challenge a proposed support adjustment, a party must establish that the support obligation is unjust or inappropriate, that the Support Collection Unit committed an error of law or procedure in its determination that there was an adequate basis for adjustment or that the proposed order is otherwise incorrect under the applicable statute and regulations.
By reason of the foregoing, the order of the Hearing Examiner is vacated and this matter is remanded to the Hearing Examiner for further proceedings consistent with this decision.