OPINION OF THE COURT
Anthony F. Bonadio, J.
In this proceeding to adjust a child support order (Family Ct Act § 413 [3]; Social Services Law § 111-h [12]-[17]), the Monroe County Support Collection Unit (SCU) and the respondent have filed written objections to the decision and order (one paper) of *206 the Hearing Examiner, pursuant to Family Court Act § 439 (e).[2]
The court has reviewed the hearing — mechanically recorded on tape — the pleadings, objections, respondent’s rebuttal and petitioner’s reply. I decide as follows:
(1) Timeliness of the Objections
Since the record does not establish that either party or the Support Collection Unit was served with a copy of the order with notice of entry, neither objection can be considered untimely (see, Family Ct Act § 439 [e]; 22 NYCRR 205.36 [b]; Matter of Geary v Breen, 210 AD2d 975 [4th Dept 1994]).
(2) Respondent’s Objections
The respondent’s objections are, in all respects, denied. A party cannot raise for the first time by way of an objection factual matters and legal issues not raised at the hearing (see, Matter of Lahrs v Lahrs, 158 AD2d 944 [4th Dept 1990]; Matter of Commissioner of Social Servs. [Wandel] v Segarra, 78 NY2d 220, 222, n 1).
In any event, the respondent’s claims lack merit. Any venue objection was waived (see, Family Ct Act §§ 171, 172, 413 [3] [a], [c]; §§ 421, 451; CPLR 509-511), New York law applies (Family Ct Act § 413 [3] [a]; cf., Domestic Relations Law § 34 [2]; § 37 [2]; Matter of Greene v Greene, 167 AD2d 606), and, as noted above, the SCU’s objection was not untimely filed.
(3) SCU’s Objection
The SCU’s objection raises an issue of apparent first impression and requires a more extended discussion.
As a result of recently enacted Federal (Family Support Act of 1988) and State (L 1993, ch 59) legislation, the SCU is charged with the periodic review and adjustment of child support orders payable through it. Pursuant to Family Court Act § 413 (3) (a), the order entered on March 18, 1988 in this proceeding is subject to review because it is more than 36 months old, and subject to adjustment if the SCU’s "review of the correct amount of child support as calculated pursuant to the provisions of this section would deviate by at least ten percent from the child support” provisions of the order (see also, Social Services Law § 111-h [12]; 18 NYCRR 347.26).
*207 The record indicates that the respondent, who was notified of the review process, failed to provide the SCU with the certain financial information and documents or otherwise cooperate with it (Social Services Law § 111-h [15], [16]; Family Ct Act § 413 [3] [a], [b] [1] [c]; § 424-a; 18 NYCRR 347.26 [d]).[3] Accordingly, the SCU obtained certain tax and income information from the State Department of Taxation and Finance, pursuant to Social Services Law § 111-h (16); Family Court Act § 413 (3) (b) (1) (c) and 18 NYCRR 347.26 (d).
Having obtained the necessary financial and income information from the mother and the Tax Department, the SCU determined that application of the child support guidelines to the respondent’s 1994 tax return income of $48,773 would result in a child support order of $169 per week. Since the 1988 order requires the respondent to pay only $25 per week, the SCU concluded that there was a basis for adjusting that order. A proposed adjusted order was forwarded to the respondent on August 28, 1995 and he filed objections to it (Family Ct Act § 413 [3] [b] [3]; [3] [c]; 18 NYCRR 347.26 [f] [1] [iii]). A hearing was held on the respondent’s objections on November 21, 1995.
At the hearing, the respondent introduced his 1994 Federal income tax return, which revealed that the $48,733 income figure used by the SCU in its review was the joint income of the respondent and his present wife. The respondent conceded — and the Hearing Examiner found — that his individual income totalled $33,448 for 1994 (cf., Matter of Department of Social Servs. [Webb] v Clarke, 167 Misc 2d 836 [Fam Ct, Monroe County] [respondent has burden of proof on objection to proposed adjusted order]).
After reviewing the respondent’s tax return at the hearing, the SCU agreed that the respondent’s applicable income was $33,448 ($32,860 after FICA deductions), and requested that the Hearing Examiner adjust the 1988 order by "re”calculating the respondent’s child support obligation on his admitted income. The Hearing Examiner declined to do so and dismissed the adjustment application, concluding that it would not be "appropriate” to "adjust the (proposed) adjusted order.”
The statutory scheme does not directly address the question presented: does the court have the authority to modify (adjust) the proposed order if that order incorrectly calculates the *208 respondent’s new child support obligation? And, if I conclude that the court does have such authority, did the Hearing Examiner abuse his discretion in this case by refusing to grant a modified adjusted order?
Family Court Act § 413 (3) (c) provides that "[i]f the court receives no written objections to the [proposed] support order * * * the clerk of the court shall immediately issue the order without any further review, modification, or other prior action by the court or any judge or hearing examiner” (emphasis supplied). This language strongly suggests that if an objection is filed, modification is permissible. In any event, the statute does not explicitly prohibit modification on the filing of an objection.
Moreover, when a party objects to the SCU’s findings and proposed order, a hearing must be held at which the parties and the SCU are given the "[o]pportunity to offer evidence on whether the presumptive basic child support obligation set forth in the proposed order is unjust or inappropriate and whether the reviewed order should be adjusted pursuant to [Family Court Act § 413 (3)]” (18 NYCRR 347.26 [f] [1] [iii]). This provision does not limit the inquiry solely to the correctness of the proposed order. Accordingly, I conclude that the Hearing Examiner had the authority to modify the proposed adjusted order.
I further conclude that the Hearing Examiner abused his discretion by not adjusting the 1988 order. Pursuant to Social Services Law § 111-h (16), a "party may schedule a conference with the [SCU] and submit a written explanation of his or her present tax and financial information to determine the appropriate modification, and thereby avoid further administrative and judicial proceedings” (emphasis supplied). Having failed to provide the SCU with the requested financial information, the respondent should not benefit from his noncooperation by having the adjustment application dismissed, particularly where, as here, the respondent’s own proof at the hearing establishes the presumptively correct amount of child support (see, Matter of Nasser v Abraham, 105 AD2d 1096 [4th Dept 1984]; cf., Matter of Commissioner of Social Servs. [Selina S.[ v Conrad R. W., 222 AD2d 585 [2d Dept 1995]). Had the respondent cooperated with the SCU, and/or had different issues been involved at the hearing, my conclusion might well be otherwise.
For the foregoing reasons, the SCU’s objection is granted, the 1988 order is deemed subject to adjustment, and the *209 respondent’s basic child support obligation is determined to be $116 per week, plus 89% of future reasonable health care expenses not covered by insurance, calculated as follows:[4]
Mother’s Annual income: $ 4,046.00 (11%)
Father’s annual income: 32,860.00 (89%)
Combined parental income: $36,906.00 (100%)
X 17% (1 child)
Annual total parental Support (formula) $ 6,274.00 -h 52 (weeks)
Weekly total parental support (formula) $ 120.00
Mother’s pro rata share: $ 13.00 per week Father’s pro rata share: 107.00 per week $ 120.00
Father’s formula amount: $ 107.00 per week Father’s pro rata child care: 9.00 per week $ 116.00 per week
89% of uninsured future health care expenses.
The order is adjusted effective November 21, 1995, the date of the hearing, as requested by the SCU. In view of the agency’s request, I need not determine the earliest possible effective date of an adjusted order (see and compare, Family Ct Act § 449 [order of support effective as of date petition filed], with Family Ct Act § 413 [3] [a] [order subject to adjustment "(i)f as of the date of the support collection unit’s review of the correct amount of child support”] [emphasis added], [c] [if no objections to proposed order are filed within 35 days of mailing, "clerk of the court shall immediately issue the order”] [emphasis added], and Social Services Law § 111-h [13], [14]).

. Since Mr. Arpey’s letter/rebuttal dated January 23, 1996 seeks affirmative relief, it should be treated, in part, as an objection.

. The March 1988 order requires the respondent to notify the SCU "of any change in address or Employment] Status.”

. See, Family Ct Act § 413 (1) (b) (1), (3), (4); (c) (1), (2), (4), (5).