OPINION OF THE COURT
Andrew P. Bivona, J.
The petitioner has filed written objections to the "order (Determination of Objections to Proposed Adjustment)” of Hearing Examiner Gladys Braxton dated and entered November 12, 1996. The Support Collection Unit (SCU) filed a proposed *1033 adjusted support order pursuant to Family Court Act § 413 (3) (a) which was served upon the respondent and filed in this court on April 10, 1996. The respondent timely filed an objection to the proposed adjusted order and the parties appeared before the Hearing Examiner for a hearing. The Hearing Examiner made findings of fact and entered a final order dated November 12, 1996, sustaining the respondent’s objections. The petitioner then filed an objection to the final decision of the Hearing Examiner pursuant to Family Court Act § 439 (e), but the respondent did not file a rebuttal. This court reviewed the objection and the tape recording of the proceeding as well as the past history of this matter as contained in the court file.
It is ordered that the objection is dismissed.
The last order of child support was made on December 21, 1992 and required the respondent to pay $230 biweekly for the support of two children. The CSEU (Child Support Enforcement Unit) filed a proposed support order which would have increased the respondent’s support order to $223 per week. At the hearing the respondent testified first and presented his case as to his objection. He submitted a financial affidavit but not his 1995 income tax return nor a recent W-2. The petitioner then testified but presented no financial evidence or documentation. The Support Collection Unit did not present evidence at the hearing even though, according to the affidavit of the senior investigator (filed with the proposed order pursuant to Social Services Law § 111-h [14]), it was in possession of the relevant financial information.
The Hearing Examiner determined that based on the respondent’s representation of his 1995 income a child support order pursuant to the Child Support Standards Act guidelines (Family Ct Act § 413 [1]) would be in the amount of $219.03 per week. She also found that the prior order was based on the separation agreement of the parties and therefore sustained the objections to the proposed order. The petitioner objected to the final determination of the Hearing Examiner complaining that a different Hearing Examiner had changed her separation agreement by not enforcing the clothing allowance provision of the agreement and therefore she could not understand why the current Hearing Examiner could not change the parties’ agreement by increasing support.
A review of the history of this matter shows that the parties were married and had two children. They separated and their original separation agreement dated September 16, 1982 provided for child support in the amount of $75 per week and *1034 $50 per week in maintenance and equal sharing of any unreimbursed medical expenses. It also provided for a clothing allowance in the amount of $300 per year. By modification agreement dated October 29, 1984, the parties agreed that child support would be increased to $100 per child biweekly and to the allocation of summer camp expenses. By decision and order dated December 5, 1986, a Hearing Examiner of this court found that the respondent could not afford to pay the clothing allowance and would not enforce same. On December 21, 1992, the parties entered into an oral stipulation in a proceeding before a Family Court Hearing Examiner where it was agreed that the child support order of $200 biweekly would continue. It was further agreed that as the petitioner was seeking additional support to provide for a clothing allowance and for summer camp for the children the respondent would pay a total of $230 biweekly through the Support Collection Unit. This is the order currently sought to be modified by way of the review and adjustment procedure.
The statutory scheme work adopted by the Legislature by Laws of 1993 (ch 59) is an effort to "reinforce the duty of noncustodial parents to contribute to the care of their children, and to strengthen enforcement and fair adjustment of child support awards throughout the State.” (Governor’s Approval Mem, 1993 McKinney’s Session Laws of NY, at 2882.) As part of this scheme work the Legislature has created a presumption that after 36 months from the date of the last child support order payable through the Support Collection Unit, if, upon a review of the parties’ income a child support order would change by 10%, then the child support order should be adjusted. If it is determined that the order should be adjusted upward, the Support Collection Unit must file the proposed order and affidavit with the clerk of the appropriate court (Social Services Law § 111-h [14]). If it is determined that the order should be adjusted downward, it must notify the parties of a finding that there is an adequate basis for a downward adjustment of the order and the party may submit a proposed adjusted order, together with the other required documentation, to the court within 30 calendar days from receipt of the CSEU’s notification (18 NYCRR 347.26 [fl [2] [ii]).
In the event a party objects to a proposed order, he or she may file a written objection with the court and a hearing must be scheduled by the court on notice to the parties and the Support Collection Unit. The parties and the SCU have the right to be heard by the court and to offer evidence in support of or *1035 in opposition to adjustment of the order (Family Ct Act § 413 [3] [c]; 18 NYCRR 347.26 [f] [1] [iii]). The regulations specifically state: "If objections are submitted by either party, a hearing must be scheduled by the court to provide to the parties and the CSEU the opportunity to offer evidence on whether the presumptive basic child support obligation set forth in the proposed order is unjust or inappropriate ánd whether the reviewed order should be adjusted pursuant to section 413 (3) of the Family Court Act.” (18 NYCRR 347.26 [f] [1] [iii] [emphasis added].) It is clear that the statutory scheme is such that the CSEU participation is necessary in order for the court to make the determination as to whether or not the reviewed order should be adjusted and that the Legislature certainly contemplated that the CSEU would take an active part in the court proceeding.
In the instant case, the respondent came with his financial affidavit but not his tax returns. The petitioner did not bring any of her financial information. The affidavit of the senior investigator stated that both parties’ tax information had been obtained from the New York State Department of Taxation. Although a Support Collection Unit representative was present at the hearing, she did not participate in the proceedings and did not offer the evidence previously procured by the CSEU. Therefore, the information required by the Hearing Examiner to make a determination was not presented by any of the participants of the proceeding.
The court notes that in the cases reported to date the local CSEU appeared and actively pursued the adjustment (Matter of Maureen K. v James H., 169 Misc 2d 726; Matter of Figueroa v Figueroa, 168 Misc 2d 928; Matter of Yuschuk v Eichas, 168 Misc 2d 775; Matter of Commissioner of Social Servs. [Lisa CJ v Mark C, 169 Misc 2d 205; Matter of Department of Social Servs. [Webb1 v Clarke, 167 Misc 2d 836).
Although the reported cases that deal with the issue of burden of proof hold that the party objecting to the proposed adjusted order has the burden of proof (Matter of Commissioner of Social Servs. [Lisa C.] v Mark C., 169 Misc 2d 205, supra; Matter of Department of Social Servs. [Webb] v Clarke, 167 Misc 2d 836, supra), this court respectfully disagrees.
In their determinations that the burden of proof is on the respondent, the courts have held that the case of Matter of Grossman v Rankin (43 NY2d 493 [1977]) controls. That case involved a Civil Service Commission determination regarding the classification of Assistant Corporation Counsel in New York *1036 City as a noncompetitive class. The Court of Appeals held, that the petitioners, the Assistant Corporation Counsel, bore the burden of proving the administrative "determination was arbitrary, capricious or affected by an error of law” (supra, at 502).
Here, the Support Collection Unit is seeking a court order which would modify a prior court order. The type of administrative action performed by the Support Collection Unit is clearly distinguishable from the administrative action in Gross-man (supra). In Grossman, the underlying agency action was an administrative determination that did not affect a prior court order or result in a court order being entered. Accordingly, the Grossman case is not applicable to this proceeding as the review and adjustment process is, in essence, a new legal procedure created by the Legislature to simplify modification of a support order. The proposed order and supporting documentation parallel a summons and petition because a new court order is being sought and the jurisdiction of the court is triggered. An objection parallels a reply or answer. If no objection is filed to the proposed order, it is treated as a default and the new order is entered. If an objection is filed, issue is joined and there must be a hearing to determine the facts.
There is no question that a party seeking to modify a court order by a petition to modify would have the burden of proof. The fact that modification of the child support order is brought by way of the review and adjustment procedure rather than by petition does not alter the burden of proof. However, the party seeking the modification of the existing order by way of the review and adjustment process is aided by the presumption that if the parents’ income has changed so that the child support order would deviate by 10% then a new child support order should be entered.
As the proper proof was not presented to the Hearing Examiner, the objection to the decision and order of the Hearing Examiner must be dismissed. As the objection is dismissed on evidentiary grounds, the court does not reach the issue as to the effect the presumption would have on a child support order which is based on the agreement of the parties.