■ In the Matter of BARBARA BUTLER, Respondent, v ROBERT TORRELLAS, Appellant. [674 NYS2d 70] —In a support proceeding pursuant to Family Court Act article 4, the father Robert Torrellas appeals from an order of the Family Court, Dutchess County (Brands, J.), entered April 28, 1997, which denied his objections to an amended adjusted order of support of the same court (Winslow, H.E.), entered February 3, 1997, which directed him to pay child support in the amount of $601 on a bi-weekly basis.

Ordered that the order is reversed, without costs or disbursements, the amended adjusted order of support is vacated, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

The parties were divorced in 1985. Custody of their two children was granted to the mother. By order dated June 15, 1992, the father was ordered to pay child support in the amount of $184.61 on a bi-weekly basis. The payments are administered by the Dutchess County Department of Social Services, Child Support Enforcement Unit (hereinafter the CSEU).

In June 1995 the mother, pursuant to Family Court Act § 413 (3), sought from the CSEU a review and adjustment of the father's child support obligation (*see,* Social Services Law § 111-h [14]). In April 1996 an adjusted order proposed by the CSEU was entered which, among other things, increased the father's child support obligation to $296.78 per week. Upon the father's objections, the order was vacated and the matter remitted for a hearing. On February 3, 1997, after a hearing, an amended adjusted order was entered which, *inter alia,* directed the father to pay child support in the amount of $601 on a bi-weekly basis. In the order appealed from, the Family Court denied the father's objections to the amended adjusted order. We now reverse and remit the matter for a new hearing.

Scrutiny of the record reveals that various fundamental errors concerning, *inter alia,* the scope and nature of the inquiries to be conducted and the parties' varying burdens of proof, deprived the parties of a full and fair opportunity to present evidence in support of and against the proposed adjusted order of support. Accordingly, a new hearing is warranted.

In remitting the matter for a new hearing, we note that in 1997, the Legislature made substantial revisions to Family Court Act § 413 (L 1997, ch 398, §§ 97, 100, eff Jan. 1, 1998). The revisions concerned several points at issue and reflect the proper procedural and substantive course that should be followed. The factors considered in calculating a proposed adjusted order pursuant to Family Court Act § 413 (3) do not include every factor set forth in the Child Support Standards Act (hereinafter CSSA) (*see,* Family Ct Act § 413 [3]; Domestic Relations Law § 240) which are considered in rendering an initial order of support (*see,* 18 NYCRR 347.10 [a]). However, where, as here, objections to such a proposed adjusted order are filed, the objector may raise before the court, and is entitled to a hearing, on any of those factors (*see,* Family Ct Act § 413 [1] [f]; *Matter of Karras v Olton,* 244 AD2d 409). At the hearing, the CSEU must establish a prima facie case in support of the proposed adjusted order by submitting the information required by Social Services Law § 111-h (14) which was relied upon in calculating the proposed adjusted order, e.g., net worth statements, current and representative pay stubs, and the most recently filed State and Federal income tax returns (*see,* Family Ct Act § 424-a; Social Services Law § 111-h [16]; 18 NYCRR 347.26 [d]; *cf.,* Family Ct Act § 413 [3] [b] [2]). The burden of going forward and the burden of proof then falls on the objector to prove his or her objections (*see, Matter of Commissioner of Social Servs. [Lisa C.] v Mark C.,* 169 Misc 2d 205; *Matter of Department of Social Servs. [Webb] v Clarke,* 167 Misc 2d 836; *cf.,* Family Ct Act § 413 [3] [b] [2]). If the court finds by a preponderance of the evidence that the objections have been proven, it may recalculate or readjust the proposed adjusted order appropriately, or, for good cause, remit the matter to the CSEU (*see, Matter of Yuschuk v Eichas,* 168 Misc 2d 775; *cf.,* Family Ct Act § 413 [3] [b] [3]). An adjusted order so amended is to be effective as of the date that the proposed adjusted order would have been effective had no objections been filed (*cf.,* Family Ct Act § 413 [4]).

Finally, the father has alleged that there is a stipulation existing between the parties concerning child support. The nature of the alleged stipulation was not explored at the hearing. Thus, it is unclear whether the stipulation was incorporated into the order dated June 15, 1992, which the mother sought to have adjusted. If so, whether the stipulation is a valid and enforceable "opt-out" agreement and the effect, if any, it has on the proceeding must be determined (*see,* Family Ct Act § 413 [1] [h]; *Cefola v Cefola,* 231 AD2d 600; *Maser v Maser,* 226 AD2d 684; *Sloam v Sloam,* 185 AD2d 808; *cf., Mat-*

ter of Brescia v Fitts, 56 NY2d 132; Matter of Boden v Boden, 42 NY2d 210; Matter of Schiavone v Schiavone, 208 AD2d 543). Miller, J. P., Ritter, Thompson and Sullivan, JJ., concur.