OPINION OF THE COURT
M. John Sherman, J.
Linda Chamberlin and Boyd Chamberlin are the parents of two children: David (age 22) and Christopher (age 17, born Feb. 8, 1983). The parties were divorced in 1985 under circumstances where the children lived primarily with the mother and the father paid child support to her. The parties entered into a stipulation in 1991 which provided for an increase in the amount of child support and a mechanism for adjusting support upon one of the children reaching age 21 or being otherwise emancipated.
On June 4, 1999 the Tompkins County Support Collection Unit (SCU) filed with the Family Court a document entitled “Adjusted Order of Support.” This document indicated that the agency had reviewed the status of the case and determined to increase the father’s child support as a cost of living adjustment (COLA). Also on June 4, 1999 the agency filed objections to the proposed adjusted order.
The parents appeared before Hearing Examiner Michael J. Costello in connection with the objections to the proposed adjusted order. The father moved to dismiss the objections, and by an order on motion of October 19, 1999 the motion was denied and a de novo hearing was held. A decision and order was issued bearing a notice of entry date of April 3, 2000. On April 14, 2000 written objections were filed with the Family Court by the respondent. On April 26, 2000 a rebuttal to the objections was filed by the petitioner.[1]
Family Court Act § 439 (e) provides the procedure for review by the Family Court of objections to a determination of the *472 Hearing Examiner, and this decision and order is made to resolve the issues raised by the respondent’s objections. Respondent made objections to rulings the Hearing Examiner made pretrial, as well as to both findings of fact and conclusions of law reached in the decision after trial. These issues are addressed separately below.
Objections to Pretrial Rulings
In respondent’s pretrial motion he sought dismissal of SCU’s objections. The Hearing Examiner denied that application and held a de novo hearing. In his objections to the ensuing decision and order, respondent’s first objection is the contention that his motion to dismiss was improperly denied. There are essentially three arguments made in support of this contention: (1) the objections procedure used in this case deprived the respondent of due process of law, because SCU’s objections to its proposed COLA did not identify any basis for the objections;[2] (2) SCU was improperly attempting to modify the parties’ stipulation using the adjustment procedure of Family Court Act § 413-a when modification could not be obtained under principles of substantive case law; and (3) SCU lacked standing in this case to file objections.
All of these contentions involve analysis of Family Court Act § 413-a. This statute is relatively new (added by L 1997,. ch 398, § 99, eff Jan. 1, 1998) and there is little decisional law to assist in interpreting the statute. ,
The record indicates that the mother sought a COLA and that SCU computed the amount by which to adjust the old support order and filed an “Adjusted Order of Support” indicating an intention to increase the father’s child support obligation by about $7 per week. Pursuant to statute, the proposed order contained various procedural safeguards and notices the net effect of which was to inform the parents that the order would go into effect in 35 days unless they objected. However, at approximately the same time as SCU filed the Adjusted Order of Support, it also filed objections to that order. The body of the objections was as follows: “the support collection unit OBJECTS TO THE ADJUSTED ORDER (COPY ATTACHED) RESULTING FROM APPLICATION OF A COST OF LIVING ADJUSTMENT BY THE SUPPORT COLLECTION UNIT. THE COURT WILL ADVISE THE PARTIES AND *473 THE SUPPORT COLLECTION UNIT AS TO THE DATE AND TIME ON WHICH TO APPEAR FOR THE HEARING.”
Family Court Act § 413-a (3) provides in pertinent part as follows:
“Objections process, (a) An objection to a cost of living adjustment, as reflected in an adjusted order issued by a support collection unit, may be made to the court by either party to the order, or by the support collection unit * * *
“(b) Where such objections are timely filed * * * a hearing on the adjustment of such order shall be granted * * * which shall result in either:
“(1) the issuance by the court of a new order of support in accordance with the child support standards as set forth in section four hundred thirteen of this article; or
“(2) where application of the child support standards as set forth in section four hundred thirteen of this article results in a determination that no adjustment is appropriate, an order of no adjustment.
“(c) Any order of support made by the court under this section shall occur without the requirement for proof or showing of a change in circumstances.”
However, Family Court Act § 413-a (4) provides as follows: “Modification of orders. Nothing herein shall be deemed in any way to limit, restrict, expand or impair the rights of any party to file for a modification of a child support order as is otherwise provided by law.”
Respondent accurately notes that the objections procedure of Family Court Act § 413-a (3) does not involve the typical format of civil litigation, a complaint and answer, or even the “specific objections” required by Family Court Act § 439 (e). However, it does not follow that the Legislature’s determination to use a less formal procedure denies the respondent of due process of law. In Matter of Support Collection Unit (Mandel) v McNelis (170 Misc 2d 1032, 1036 [Fam Ct, Orange County 1996]) the court found due process satisfied by a similar procedure for adjustment and review of support orders (Family Ct Act § 413 [3]). Fundamentally, the question is whether the statute provides the parties with notice and opportunity to be heard. Respondent objects that since SCU’s objections state no grounds for opposition to its proposed adjusted order, he is without notice of what is at issue. This argument ignores the notification of the adjustment process that is provided pursuant to Family Court Act § 413-a (2) and *474 the fact that Family Court Act § 413-a (3) describes the issues. Respondent’s argument is further contradicted by the trial record in which there is no indication that he was in any way surprised by any of the facts or legal issues which the Hearing Examiner was called upon to consider. This court finds that the objections procedure of Family Court Act § 413-a (3), taken in its appropriate context, clearly did not deny respondent due process of law.
Respondent also contends that Family Court Act § 413-a (3) as interpreted by the Hearing Examiner is improper in that it works a reversal of prior substantive case law. The reasoning is as follows: (a) pursuant to Matter of Boden v Boden (42 NY2d 210) and Matter of Brescia v Fitts (56 NY2d 132) when the parents have entered into a support agreement, they may not modify that agreement without alleging that the child’s needs are unmet or that a substantial and unexpected change of circumstances has occurred; (b) no such allegation was made or could be made under the circumstances of this case; (c) if any application to modify the support order had been made pursuant to Family Court Act § 413 (the Child Support Standards Act [CSSA]) it would have been dismissed and in fact a modification petition made some years earlier had been dismissed on these grounds; (d) the determination of the Hearing Examiner to conduct a de novo Family Court Act § 413 (CSSA) hearing based upon SCU’s objections to the proposed COLA adjustment allows modification of the agreement, despite the absence of grounds to do so; and (e) as a consequence of the foregoing reasoning, the statute must be interpreted as limited to approving or rejecting the COLA or risk violation of the constitutional provisions relating to the sanctity of contracts (US Const, art I, § 10).
Respondent’s argument as to the interpretation of the statute ignores the clear language of the statute. That is, Family Court Act § 413-a (3) (b) directs that when there is an objection to the proposed adjusted order, the amount of support will be determined pursuant to Family Court Act § 413. Family Court Act § 413-a (4) merely clarifies that the COLA process (including objections) is a separate right created by the Legislature in addition to the right to seek modification. The Legislature has this power. As noted by the Court in Matter of Brescia v Fitts (supra, at 139), since the child was not a party to the parents’ agreement he cannot be bound by that agreement, and the Legislature has considerable discretion in the important area of assuring adequate support to children. Application of the *475 CSSA guidelines creates a rebuttable presumption that they will yield the correct amount of child support (Matter of Commissioner of Social Servs. [Selena S.] v Conrad R. W., 222 AD2d 585 [2d Dept 1995]). Furthermore, the CSSA contains authority for deviation from those standards when the result would be unjust or inappropriate (Family Ct Act § 413 [1] [f]). The determination of the Legislature to deal with objections to proposed adjusted COLA orders by applying the presumptively correct standards of the CSSA, allowing for deviation in circumstances where it would be unjust or inappropriate, clearly was rationally related to the valid objective of ensuring adequate child support.
Respondent’s contention that SCU should be found to lack standing to object to its own proposed order under circumstances such as this is clearly without merit. Family Court Act § 413-a (3) (a) specifically grants standing to SCU to object without the restrictions respondent seeks to read into the statute.
For the reasons discussed above, the determinations of the Hearing Examiner to deny respondent’s pretrial motion and to conduct a de novo hearing were correct, and respondent’s objections to those determinations are denied.
Objections to Posttrial Rulings[3]
Respondent objects to several factual determinations of the Hearing Examiner. The court finds that the record supports the Hearing Examiner’s determinations with respect to those issues.
Respondent objects to the allocation of uninsured medical costs, and the court finds that this determination was a proper implementation of the provisions of the CSSA (Family Ct Act § 413 [1] [c] [5]).
Respondent objects to the Hearing Examiner’s treatment of alleged overpayments. That is, from approximately August 1995 to July 1997 respondent paid to petitioner $100 per week for two children during the pendency of a proceeding which included the issue of whether the older child (David) should be considered emancipated. The Appellate Division found the child to be emancipated but did not make a directive concerning the treatment of the support payments made during the pendency of the proceedings. The respondent contended that during the period in question he should have been paying approximately *476 $57 per week pursuant to the parties’ 1991 stipulation resulting in an overpayment that should either be applied as a credit to his continuing support obligation or treated as a basis for deviation from the CSSA standard under Family Court Act § 413 (1) (f). The Hearing Examiner found that the current level of support under the CSSA was $149.62 per week and that there was insufficient reason to deviate from that level of support based upon the alleged overpayments made when he was paying $100 per week. The effect of the Hearing Examiner’s determination was to give no credit to the father for the alleged overpayments.
While it is clear that respondent was paying $100 per week during the period in question and that he paid approximately $57 per week after his application to terminate his support obligation for David was granted, the record is insufficient to determine if $57 per week or some other figure was the appropriate level of support during that period. Application of the CSSA for support of only Christopher during that period would likely have resulted in a support obligation in excess of $.100 per week. Consequently, it is unclear if there was any overpayment.[4] However, it was appropriate for the Hearing Examiner to consider the effect of that situation on the respondent’s current level of support in the context of whether to deviate from the CSSA standard (either an increase or a decrease in support) (Family Ct Act § 413 [1] [f] [7], [10]). The record indicates no abuse of discretion in the Hearing Examiner’s conclusion that application of the CSSA standard under these circumstances was not unjust or inappropriate.
The court has considered the respondent’s remaining arguments and finds them to be without merit.
Conclusion
The respondent has failed to establish that the Hearing Examiner committed error. Accordingly, his objections to the Hearing Examiner’s determination are denied.

. Apparently, SCU provides services to the mother and represented her at the hearing. The objections filed by SCU on June 4, 2000 were done in the name of the agency, rather than in the name of the mother as authorized by *472 Family Court Act § 413-a (3) (a). Thereafter, it appears that SCU and the mother proceeded as essentially one litigant, the “petitioner.”

. The Office of the Attorney General was notified of litigation addressing the constitutionality of the statute and elected not to intervene.

. Respondent re-alleges all of his pretrial contentions in his posttrial objections, and those contentions are denied for the same reasons.

. The respondent offered no explanation for why he did not seek relief concerning the alleged overpayment for the period July 1995 to August 1997 until a hearing in January 2000 except that the record of the appellate process was convoluted.