■ In the Matter of MONROE COUNTY DEPARTMENT OF So-

CIAL SERVICES, on Behalf of TERRY BURGESS, Appellant, v MICHAEL CAMPBELL, Respondent.—Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Monroe County Family Court for further proceedings, in accordance with the following memorandum: Family Court entered an order of filiation incorporating an agreement by respondent, who was then unable to pay child support, to report in writing any change of employment status to the Monroe County Support Unit within five days. By an amended verified petition dated July 14, 1988, petitioner alleged that respondent had violated the prior order by failing to give notice that he had become employed on February 23, 1987, and sought a modification providing for support retroactive to that date. Respondent defaulted.

The Hearing Examiner erred in granting petitioner arrears for child support only from March 18, 1988, a date without legal significance, rather than from February 23, 1987, the date that respondent became employed. Family Court also erred in confirming the Hearing Examiner's order, mistakenly finding that the court was without power to grant arrears while at the same time confirming the Hearing Examiner's order, which granted arrears. Family Court had the power to modify the order of filiation retroactively to require support from February 23, 1987 (Family Ct Act §§ 451, 454 [1]). We therefore remit the matter to Family Court for a determination of the correct amount of arrears. (Appeal from order of Monroe County Family Court, Kohout, J.—child support.) Present—Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.