■ In the Matter of MARY ELLEN ROBERTS, Respondent, v HARRY ROBERTS, Appellant. [617 NYS2d 242] —Casey, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered April 2, 1993, which, *inter alia,* in a proceeding pursuant to Family Court Act article 4, found that respondent willfully violated an order of support.

Pursuant to a prior order of Family Court, respondent is required to pay $150 per week in child support, and an income execution was apparently issued pursuant to CPLR 5241. In this proceeding pursuant to Family Court Act, article 4, part 5, petitioner alleged that respondent had failed to make the required payments for a period of time. Respondent testified that he worked for his brother's business and that his employer deducted child support from his weekly paycheck, but sent the money to the Support Collection Unit only sporadically. The Hearing Examiner rejected respondent's claim that he had no control over his employer and found respondent in willful violation of the support order. Inasmuch as the arrears had been paid prior to the hearing, no judgment for arrears was entered. Respondent was, however, required to provide an undertaking *(see,* Family Ct Act § 471). He was also required to make weekly contacts with his employer and the Support Collection Unit to determine whether future support payments are being made, and if payment has not been made to make the payment within 48 hours of the time the payment is due. Family Court rejected respondent's objections to the Hearing Examiner's order, resulting in this appeal by respondent.

Respondent's only claim on appeal is that Family Court did not have jurisdiction to order him to contact his employer to determine whether support payments are being remitted to the Support Collection Unit. Although Family Court is a court of limited jurisdiction *(see, Matter of Silver v Silver,* 36 NY2d 324, 326), Family Court Act § 451 specifically provides for the court's continuing jurisdiction over support proceedings. Until respondent no longer owes an obligation to support his child, Family Court has continuing plenary and supervisory jurisdiction *(see, Matter of Pavich v Pavich,* 24 AD2d 482, 483). Pursuant to Family Court Act § 413 (1), respondent is obligated to support his son until the child reaches the age of 21.

Respondent's obligation is not relieved by his employer's deduction of child support from respondent's weekly paycheck pursuant to an income execution (CPLR 5241 [g]). Respondent remains the primary obligor and, therefore, Family Court correctly concluded that respondent must pay child support if his employer fails to remit the amount deducted from respondent's paycheck.

Based upon these general principles, we are of the view that the provision of Family Court's order which directs respondent to ascertain whether the amount of child support deducted from his paycheck has been remitted to the Support Collection Unit falls within Family Court's continuing plenary and supervisory jurisdiction over support proceedings. Considering the close relationship between respondent and his employer, and further considering the employer's history of sporadic remittance of the child support deducted from respondent's paycheck, we conclude that Family Court did not exceed the scope of its supervisory jurisdiction by requiring respondent to ascertain whether his employer had made the required remittance and if not to make the payment himself.

Family Court's jurisdiction to impose the challenged requirement is not limited by Family Court Act § 454 which prescribes the court's powers on violation of a support order. Family Court Act § 454 (1) authorizes the court to use "any or all of the powers conferred upon it by this part". The purpose of the provision is to provide the court with "broad and flexible powers—subject to certain statutory mandates—to enforce its orders of support" (Besharov, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 454, 1994 Pocket Part, at 119). Family Court's order is not inconsistent with either the letter or the spirit of section 454.

Mercure, J. P., Crew III and White, JJ., concur. Ordered that the order is affirmed, with costs.