■ In the Matter of DEPARTMENT OF SOCIAL SERVICES, COUNTY OF WESTCHESTER, on Behalf of ANGELA C. M., Appellant, v DOUGLAS D., Respondent. [641 NYS2d 388] —In a proceeding pursuant to Family Court Act article 4, the petitioner appeals from an order of the Family Court, Westchester County (Tolbert, J.), dated April 7, 1995, which denied its objections to two orders of the same court (Mrsich, H.E.), both dated January 24, 1995, denying the petitioner's applications (1) to modify the father's child support obligation retroactive to his date of employment, and (2) to find him in violation of the original order of support as a result of his failure to report his employment.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.

The child who is the subject of this support proceeding is a recipient of public assistance. In an order of filiation and support dated October 15, 1990, Douglas D. (hereinafter the father) was adjudged to be the father of the subject child, and, since he was also receiving public assistance at the time, he was directed to pay $25 per month in child support. He was also directed to notify the Support Collection Unit, *inter alia,* of any future changes in employment status.

The father allegedly obtained employment in July 1993, but failed to so notify the Support Collection Unit. Thereafter, in September 1993, the petitioner the Department of Social Services, County of Westchester (hereinafter DSS) filed (1) a petition for upward modification of the father's child support obligations retroactive to the initial date of his employment, and (2) a petition to find the father in violation of the October 15, 1990, support order. Although the Hearing Examiner issued an order modifying the father's child support obligation, it was retroactive only to the date that DSS filed the present modification petition, not to the date that the father began his employment. Further, the Hearing Examiner dismissed the petition alleging a violation of the October 15, 1990, support order for failure to state a cause of action. The Family Court denied the objections of DSS to the orders of the Hearing Examiner. We reverse.

The Family Court erroneously concluded that its order modifying the father's support obligation could only be retroactive to the filing of the DSS's petition for such relief (*see, Matter of Commissioner of Social Servs. [Rodriguez] v Benson,* 216 AD2d 294). The Family Court retained continuing jurisdiction over the support proceeding until its judgment was completely satisfied and it could, *inter alia,* modify any order issued in the course of the proceeding (Family Ct Act § 451; *see, Matter of Department of Social Servs. [Wright] v Wright,* 112 AD2d 159, 160). Moreover, any such modification could "increase support payments nunc pro tunc as of the date of the original application for support based on newly discovered evidence" (Family Ct Act § 451). If DSS's allegations regarding the respondent's employment are true, then the Family Court had the power to modify the support payments retroactive to the date of his employment (*see, Matter of Monroe Dept. of Social Servs. [Burgess] v Campbell,* 161 AD2d 1176, 1177).

Since the Hearing Examiner failed to award increased child support retroactive to the date of the father's employment and dismissed the DSS's petition to find the father in violation of the October 15, 1990, support order, without addressing the merits of the DSS's allegations, the matter is remitted to the Family Court for a hearing on the merits of these issues (*see, Van Niel v Van Niel,* 93 AD2d 986). O'Brien, J. P., Ritter, Pizzuto and Altman, JJ., concur.