■ In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of MARY DEPUYSSELIER, Appellant, v STEPHEN M. SHORT, Respondent. [651 NYS2d 220] —Peters, J. Appeal from an order of the Family Court of Broome County (Pines, J.), entered May 8, 1995, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for an upward modification of respondent's child support obligation.

In 1988, respondent entered into a stipulation with petitioner to pay $10 per week in child support on behalf of his son who was on public assistance. He also agreed to report any change in his income or salary to petitioner. An order setting forth the stipulation's terms was thereafter entered. On or about December 27, 1994, petitioner commenced this proceeding seeking, *inter alia*, an upward modification in support based on respondent's increased income since the 1988 stipulation. Family Court granted the application, but made the order retroactive only to the filing date of the modification petition. Petitioner appeals.

Petitioner claims that Family Court erred in refusing to make the modification in support effective as of the date when respondent's income actually increased. To support this argument, petitioner relies on Family Court Act § 449 (2) which provides, in pertinent part, that: "Any order of child support made under this article shall be effective as of the earlier of the date of the filing of the petition therefor, or, if the children for whom support is sought are in receipt of public assistance, the date for which their eligibility for public assistance was effective." Petitioner argues that because respondent's child was

on public assistance the whole time, the modified order of support should not be limited to the time period after the request for an increase in support was filed. We disagree. In our view, the second clause of Family Court Act § 449 (2) concerns itself only with *initial* petitions filed on behalf of children in receipt of public assistance (*see generally, Matter of Commissioner of Social Servs. [Rodriguez] v Benson*, 216 AD2d 294). Here, as Family Court noted, respondent was already under court order to pay child support and was not in default.

Mindful that Family Court has continuing jurisdiction over support proceedings and that, pursuant to such jurisdiction, "a modification may increase support payments nunc pro tunc as of the date of the initial application for support based upon newly discovered evidence" (Family Ct Act § 451), here there is no evidence that respondent misrepresented his income when the original order was entered. Rather, respondent did not report changes in his income. Hence, we find Family Court's resolution of the modification petition to be an appropriate exercise of its discretion.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.