■ In the Matter of CARRIE DAVIS, Appellant-Respondent, v TUCSON SWAIN, Respondent-Appellant. [721 NYS2d 817] —In a proceeding pursuant to Family Court Act article 5 to establish paternity, the petitioner appeals from so much of an order of the Family Court, Westchester County (Jamieson, J.), dated September 16, 1999, as modified the effective date of the father's child support obligation set forth in a prior order of the same court (Hochberg, H.E.), entered March 19, 1999, and the father cross-appeals from the same order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements (see, 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and so much of the órder entered March 19, 1999, as established July 7, 1994, as the effective date of the father's child support obligation is reinstated.

Family Court Act § 449 (2) requires that "[a]ny order of child support made under this article shall be effective as of the earlier of the date of the filing of the petition therefor, or, if the children for whom support is sought are in receipt of public assistance, the date for which their eligibility for public assistance was effective." It is undisputed that the subject child in this case became eligible for public assistance on the date of his birth, July 7, 1994. Accordingly, the Family Court erred in modifying the effective date of the father's child support obligation set forth in the Hearing Examiner's order. Santucci, J. P., S. Miller, McGinity and Smith, JJ., concur.