■ In the Matter of Roslyn Nieves-Ford, Respondent, v Michael Gordon, Appellant. [811 NYS2d 81]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Nassau County (Marks, J.), dated December 23, 2004, which denied his objections to an order of the same court (Banon, S.M.) dated September 1, 2004, directing the Support Collection Unit to issue an income execution.

Ordered that the order dated December 23, 2004, is affirmed, with costs.

In 1996 the Support Magistrate found that the father willfully violated a 1991 order requiring him to pay child support. The Support Magistrate set arrears at $17,280 and directed entry of a money judgment in favor of the mother for that amount. On August 16, 1999, this Court affirmed an order of the Family Court, Nassau County, confirming the Support Magistrate's order (*see Matter of Nieves v Gordon*, 264 AD2d 445 [1999]). By another decision and order of the same date, this Court reversed an order of the Family Court, Nassau County, denying the father's objections to the Support Magistrate's denial of his petition seeking a downward modification of his child support obligation (*see Matter of Nieves v Gordon*, 264 AD2d 446 [1999]). In reversing, this Court also remitted the matter to the Family Court, Nassau County, for a new hearing and determination.

On September 1, 2004, upon remittitur, the parties appeared before the Support Magistrate. At that time, the Support Magis-

trate ascertained from the father the identity and address of his employer and directed that the Support Collection Unit (hereinafter SCU) issue an income execution to the employer. The Family Court, Nassau County, denied the father's objections. The father now appeals.

The Family Court properly denied the father's objections pursuant to Family Court Act § 440. Family Court Act § 440 (1) (a) permits a court to direct payment of past due support in one sum or periodic sums and provides enforcement pursuant to CPLR 5241 (b). Specifically, CPLR 5241 (b) (1) provides for the issuance of an income execution by the SCU when a debtor is in default. Here, although the parties were before the Support Magistrate in 2004 upon this Court's remittitur on the issue of the father's downward modification petition, it was undisputed that the father had defaulted in his child support obligations to the extent that arrears of approximately $22,000 were outstanding.

The Support Magistrate properly ascertained from the father the name and address of his employer (*see* Family Ct Act § 440 [2]). Contrary to the father's contention, the Support Magistrate also properly directed the SCU to issue an income execution (*see* Family Ct Act § 440 [1] [a]; CPLR 5241 [b] [1]). The Family Court's jurisdiction was not limited by Family Court Act § 454, which prescribes the court's powers upon violation of a support order (*see Matter of Roberts v Roberts*, 208 AD2d 1018, 1019 [1994]). Family Court Act § 451 provides the court with continuing jurisdiction over support proceedings until the support order is fully satisfied (*see Matter of Department of Social Servs. v Douglas D.*, 226 AD2d 633, 634 [1996]).

The father's remaining contentions are without merit. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.