# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

594
CAF 14-01955
PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF LUCILLE A. SOLDATO,
COMMISSIONER, ONEIDA COUNTY DEPARTMENT OF
SOCIAL SERVICES, ON BEHALF OF JOHANN BENSON,
PETITIONER-APPELLANT,

              V                      MEMORANDUM AND ORDER

RAYMOND BENSON, RESPONDENT-RESPONDENT.

---

RICHARD P. FERRIS, UTICA, FOR PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered February 26, 2014 in a proceeding pursuant to Family Court Act article 4. The order denied the objections of petitioner to an order of a Support Magistrate.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objections are granted, the petition is granted, and respondent is directed to pay child support in the amount of $26 per week retroactive to September 12, 2013.

Memorandum: Petitioner commenced this proceeding on behalf of the mother of the children at issue seeking an order directing respondent father to pay child support. The Support Magistrate calculated respondent's presumptive support obligation at $26 per week, but determined that respondent was not obligated to pay support because he had physical custody of the children for a majority of the time under his custody arrangement with the mother and was thus not a noncustodial parent within the meaning of Family Court Act § 413 (1) (f) (10) (*see generally Rubin v Della Salla*, 107 AD3d 60, 67-68). Family Court denied petitioner's objections to the order of the Support Magistrate, and petitioner appeals.

We conclude that, contrary to the determination of the Support Magistrate, the custody order between respondent and the mother is intended to divide physical custody of the children equally (*see Redder v Redder*, 17 AD3d 10, 13; *cf. Rubin*, 107 AD3d at 68-71). Respondent, as the parent with the higher income and greater pro rata share of the child support obligation, is therefore the noncustodial parent for support purposes (*see Leonard v Leonard*, 109 AD3d 126, 128-129; *Matter of Moore v Shapiro*, 30 AD3d 1054, 1055), and should have been ordered to pay child support to the mother. In addition, we agree with petitioner that the children's receipt of public assistance

precludes respondent from obtaining any reduction of his support obligation based on expenses incurred while he has custody of the children (*see* Family Ct Act § 413 [1] [f] [9]; *Matter of Pandozy v Gaudette*, 192 AD2d 779, 780).  Consequently, we reverse the order, grant petitioner's objections, grant the petition, and direct respondent to pay child support in the amount of $26 per week retroactive to September 12, 2013, the date on which the children became eligible for public assistance (*see* § 449 [2]; *Matter of Davis v Swain*, 281 AD2d 545, 545; *Matter of Commissioner of Social Servs. of City of N.Y. v Daryl S.*, 235 AD2d 126, 130).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court