■ In the Matter of June Damadeo, Appellant, v Ronald Keller, Respondent. [17 NYS3d 182]—

Appeal from an order of the Family Court, Suffolk County (Bernard Cheng, J.), dated October 6, 2014. The order denied the mother's objections to so much of an order of that court (Cheryl Joseph-Cherry, S.M.), dated July 23, 2014, as, in effect, dismissed that branch of the mother's petition which sought to adjudicate the father in willful violation of his child support obligations set forth in the parties' judgment of divorce dated March 26, 2008, and in an adjusted order of child support dated April 20, 2013.

Ordered that the order dated October 6, 2014, is reversed, on

the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing on the branch of the mother's petition which sought to adjudicate the father in willful violation of his child support obligations, in accordance herewith.

The parties, who are the parents of three children, were divorced by a judgment of divorce dated March 26, 2008. Pursuant to the terms of a stipulation of settlement which was incorporated but not merged into the judgment of divorce, the father was directed to pay child support in the sum of $764 per month through the New York State Child Support Collection Bureau. The father's monthly child support obligation was subsequently increased to $844 per month by an adjusted order of the Family Court, Suffolk County, dated April 20, 2013.

On August 4, 2009, the mother obtained a money judgment against the father in the Supreme Court, Suffolk County, for $41,855.06 in child support arrears. In addition, on November 10, 2009, the New York State Support Collection Bureau obtained an order from the Family Court, Suffolk County, directing the entry of a money judgment against the father for child support arrears. The mother also filed petitions in the Family Court in 2010 and 2011 seeking, inter alia, to enforce the father's child support obligations set forth in the judgment of divorce. The 2010 and 2011 petitions resulted in the issuance of five orders that directed the entry of money judgments for arrears of child support, child care expenses, and unreimbursed medical expenses.

In February 2014, the mother filed the instant petition in the Family Court seeking, inter alia, an adjudication that the father was in willful violation of his child support obligations, and an order committing him to jail for a period of up to six months pursuant to Family Court Act § 454 (3). In her petition, the mother alleged that the child support arrears that had previously been reduced to judgments remained largely unpaid, and that the father's arrears for support obligations not previously reduced to a judgment exceeded $4,000.

After determining that the mother had previously obtained money judgments or orders directing the entry of money judgments against the father for arrears that had accrued under the judgment of divorce, the Support Magistrate issued an order which, in effect, dismissed that branch of the mother's petition which sought to adjudicate the father in willful violation of his child support obligations. The Support Magistrate concluded, in essence, that once the child support arrears were reduced to money judgments, the Family Court lacked jurisdic-

tion to consider any additional enforcement mechanisms for the failure to pay the arrears secured by those judgments, and the mother's only remedies were governed by the CPLR. The mother filed objections to so much of the Support Magistrate's order as, in effect, dismissed that branch of her petition which sought to adjudicate the father in willful violation of his child support obligations. The Family Court denied the mother's objections, and the mother appeals. We reverse.

The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those which are granted to it by statute (*see Matter of H.M. v E.T.*, 14 NY3d 521, 526 [2010]). However, Family Court Act § 451 (1) specifically provides the Family Court with continuing plenary and supervisory jurisdiction over a support proceeding until its judgment is completely satisfied (*see Matter of Nieves-Ford v Gordon*, 26 AD3d 384, 385 [2006]; *Matter of Department of Social Servs. v Douglas D.*, 226 AD2d 633, 634 [1996]; *see also Matter of Roberts v Roberts*, 208 AD2d 1018 [1994]).

Family Court Act § 460 (1) (e) provides that, where a party has defaulted in paying any sum of money due as required by an order directing such payment, the court shall make an order directing the entry of a judgment for the amount of child support arrears, "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears." However, Family Court Act § 460 (3) also makes clear that the entry of a money judgment is a form of relief mandated "in addition to any and every other remedy which may be provided under the law including, but not limited to, the remedies provided under the provisions of section four hundred fifty-four of this act" (Family Ct Act § 460 [3]). The remedies provided by Family Court Act § 454 include a provision authorizing the court to commit a respondent to jail for a term not exceeding six months upon a finding that the respondent has willfully failed to obey any lawful order of support (*see* Family Ct Act § 454 [3] [a]).

Accordingly, the Support Magistrate erred in concluding that the Family Court lacked jurisdiction to consider that branch of the mother's petition which sought to adjudicate the father in willful violation of his child support obligations simply because the arrears accrued under the judgment of divorce had already been reduced to money judgments or orders directing the entry of money judgments. We therefore reverse the order insofar as appealed from, and remit the matter to the Family Court, Suffolk County, for a hearing on that branch of the mother's petition.

However, we note that by decision and order dated March 25, 2015, this Court reversed an order of the Supreme Court, Suffolk County, dated January 15, 2014, which denied the mother's motion to hold the father in contempt for the failure to pay child support (*see Keller v Keller*, 126 AD3d 940 [2015]). On that appeal, we remitted the matter to the Supreme Court, Suffolk County, to adjudicate the father in contempt of the judgment of divorce, the money judgment entered August 4, 2009, and the six orders of the Family Court, Suffolk County, and to impose an appropriate penalty. Under these circumstances, the hearing on the branch of the mother's petition which sought to adjudicate the father in willful violation of his child support obligations should be limited to his alleged failure to comply with his support obligations subsequent to the issuance of the judgment and orders for which this Court has already directed that he be adjudicated in contempt and punished. Eng, P.J., Hall, Hinds-Radix and LaSalle, JJ., concur.