# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**300**
**CAF 15-01426**
PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

IN THE MATTER OF BRENDA L. BRUMFIELD,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

GEORGE C.E. BRUMFIELD, RESPONDENT-RESPONDENT.

---

SCHELL LAW, P.C., FAIRPORT (GEORGE A. SCHELL, SR., OF COUNSEL), FOR
PETITIONER-APPELLANT.

---

Appeal from an order of the Family Court, Monroe County (Dandrea
L. Ruhlmann, J.), entered November 10, 2014 in a proceeding pursuant
to Family Court Act article 4.  The order dismissed the violation
petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the petition is
reinstated, and the matter is remitted to Family Court, Monroe County,
for further proceedings in accordance with the following memorandum:
In February 2010, Family Court entered an order confirming a Support
Magistrate's determination that respondent father had willfully
violated an order of child support and imposing a sentence of
incarceration that was suspended on the condition that the father make
his required support payments as well as an additional payment of $500
per month toward accumulated arrears.  Petitioner mother then
commenced a proceeding in September 2010 alleging that the father had
not complied with the terms of the February 2010 order, and the
Support Magistrate entered a stipulated order in November 2010 that,
inter alia, directed that all outstanding arrears be reduced to
judgment.  After additional proceedings not at issue here, the mother
commenced the instant proceeding in November 2013, again alleging that
the father had not complied with the terms of the February 2010 order,
and seeking to have the suspended sentence revoked and the father
incarcerated.  Family Court dismissed the petition, concluding that
the Support Magistrate's November 2010 order stood "in lieu of" the
suspended sentence inasmuch as the Support Magistrate had "entered
judgment for the entire amount of arrears."  The court also concluded,
in the alternative, that the mother had not shown that the father
knowingly violated the February 2010 order in view of "the ongoing
nature of [the] case and the complexity of its own history."  We agree
with the mother that the court erred in summarily dismissing the
petition.

Pursuant to Family Court Act § 451 (1), Family Court has

"continuing plenary and supervisory jurisdiction over a support proceeding until [its directives are] completely satisfied" (*Matter of Damadeo v Keller*, 132 AD3d 670, 672), and the suspension of an order of commitment may be revoked at any time "[f]or good cause shown" (§ 455 [1]; *see Matter of Bonneau v Bonneau*, 97 AD3d 917, 917, *lv denied* 19 NY3d 815). Moreover, the entry of a judgment for child support arrears is a form of relief that stands " 'in addition to any and every other remedy which may be provided under the law,' " including the provisions of Family Court Act § 454 (3) (a) authorizing a court to commit a respondent to jail for willfully violating a support order (*Damadeo*, 132 AD3d at 672, quoting § 460 [3]). We thus conclude that an order conditioning a suspended sentence on payments toward accumulated arrears is enforceable even if the arrears are later reduced to judgment, and that the court's determination to the contrary was error (*see generally id.*).

The court's alternative ground for dismissing the petition was also erroneous. The mother made a prima facie showing that the father willfully violated the February 2010 order through her submission of a certified calculation showing that he had not made all of the required payments (*see Matter of Valerie Q. v Arturo H.*, 48 AD3d 1049, 1049; *see generally* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 68-69), and the record fails to establish at this juncture that the father's alleged violation of that order was not willful (*see generally Matter of Calvello v Calvello*, 20 AD3d 525, 526; *Matter of Delaware County Dept. of Social Servs. v Brooker*, 272 AD2d 835, 835-836). We therefore reverse the order, reinstate the petition, and remit the matter to Family Court for further proceedings thereon (*see Matter of Coleman v Murphy*, 89 AD3d 1500, 1500-1501).

Entered:  April 29, 2016                          Frances E. Cafarell
                                                  Clerk of the Court