Matter of Oneida County Dept. of Social Servs. v Abu-Zamaq (2019 NY Slip Op 08341)





Matter of Oneida County Dept. of Social Servs. v Abu-Zamaq


2019 NY Slip Op 08341


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


1136 CAF 19-00876

[*1]IN THE MATTER OF ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF CHEYENNE M. JOHNSON, PETITIONER-APPELLANT,
v
MOHAMMED ABU-ZAMAQ, RESPONDENT-RESPONDENT. 






TRACY L. PUGLIESE, ROME, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered December 21, 2018 in a proceeding pursuant to Family Court Act article 4. The order denied the objection of petitioner to an order of a Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the objection is granted, the petition is granted in its entirety, and the matter is remitted to Family Court, Oneida County, for further proceedings in accordance with the following memorandum: Petitioner appeals from an order denying its objection to an order of the Support Magistrate, which had denied in part its petition seeking, inter alia, an upward modification of respondent father's support obligation. On appeal, petitioner contends that the Support Magistrate erred in directing that the modification of child support be retroactive to July 30, 2018, i.e., the date on which petitioner filed the petition, instead of May 30, 2018, i.e., the date on which the father became employed, and that Family Court therefore should have granted its objection. We agree.
The court erroneously concluded that the modification of child support could only be retroactive to the date petitioner filed the petition. Because it is undisputed that the father did not notify the Support Collection Unit of his change in employment status as required by the prior support order, the court had the authority to modify the child support payments retroactive to the date of his employment on May 30, 2018 (see Matter of Department of Social Servs. v Douglas D. , 226 AD2d 633, 634 [2d Dept 1996]; Matter of Monroe County Dept. of Social Servs. v Campbell , 161 AD2d 1176, 1177 [4th Dept 1990]; see also Family Ct Act § 451). We therefore reverse the order on appeal, grant the objection, grant the petition in its entirety, and remit the matter to Family Court for a determination of the correct amount of
arrears.
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court