Matter of Oneida County Dept. of Social Servs. v Bleau (2021 NY Slip Op 00763)





Matter of Oneida County Dept. of Social Servs. v Bleau


2021 NY Slip Op 00763


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1199 CAF 20-00660

[*1]IN THE MATTER OF ONEIDA COUNTY DEPARTMENT OF SOCIAL SERVICES, ON BEHALF OF GLORIA CHRISTMAN, PETITIONER-APPELLANT,
v
JOSHUA BLEAU, RESPONDENT-RESPONDENT. 






TRACY L. PUGLIESE, ROME, FOR PETITIONER-APPELLANT.


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered September 19, 2019 in a proceeding pursuant to Family Court Act article 4. The order denied petitioner's objection to an order of the Support Magistrate. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order denying its objection to an order of the Support Magistrate, which had granted its petition seeking an upward modification of respondent father's support obligation to the extent of directing the father to pay child support in the amount of $58 per week retroactive to the date the petition was filed. On appeal, petitioner contends that the Support Magistrate erred in directing that the modification of child support be retroactive to the date on which petitioner filed the petition, instead of the earlier date upon which the father was released from incarceration, and that Family Court therefore should have granted its objection. We affirm.
Although we agree with petitioner that, under certain circumstances, the court may order an upward modification of child support retroactive to a date prior to the filing of the modification petition (see Matter of Oneida County Dept. of Social Servs. v Abu-Zamaq, 177 AD3d 1412, 1413 [4th Dept 2019]; Matter of Department of Social Servs. v Douglas D., 226 AD2d 633, 634 [2d Dept 1996]; Matter of Monroe County Dept. of Social Servs. v Campbell, 161 AD2d 1176, 1177 [4th Dept 1990]; see also Family Ct Act § 451), on this record, petitioner failed to present sufficient evidence supporting an upward modification retroactive to a date earlier than that ordered by the Support Magistrate (see generally Matter of Rosenthal v Buck, 281 AD2d 909, 909-910 [4th Dept 2001]). Moreover, contrary to petitioner's contention, Family Court Act § 449 (2) does not permit the court to direct that the child support modification be retroactive to the date the father was released from incarceration under the circumstances of this case (see generally Matter of Broome County Dept. of Social Servs. v Short, 234 AD2d 772, 772-773 [3d Dept 1996]). We have considered petitioner's remaining contentions and conclude that they lack merit.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court