Matter of Christian v Griffith (2025 NY Slip Op 05080)

Matter of Christian v Griffith

2025 NY Slip Op 05080

Decided on September 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-07227
 (Docket No. F-16639-19)

[*1]In the Matter of Iona Christian, respondent,
v
Dwayne Griffith, appellant.

Dwayne Griffith, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Kings County (Jacqueline D. Williams, J.), dated June 14, 2024. The order denied the father's objections to (1) an order of disposition of the same court (Gabriella F. Richman, S.M.) dated April 25, 2024, which, after a hearing, and upon findings of fact dated April 23, 2024, found that the father violated a prior order of child support and directed the father to pay child support arrears in the sum of $45,736.84, and (2) an order of the same court (Gabriella F. Richman, S.M.), also dated April 25, 2024, which directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $45,736.84.
ORDERED that the order dated June 14, 2024, is affirmed, without costs or disbursements.
The father and mother, who were not married, have one child together, born in 2012. In an order dated July 13, 2021 (hereinafter the child support order), the Family Court directed the father to pay child support in the sum of $1,199 per month to the mother. In March 2024, the mother filed a petition alleging that the father violated the child support order.
After a hearing, in an order of disposition dated April 25, 2024, the Support Magistrate found that the father violated the child support order and directed him to pay child support arrears in the sum of $45,736.84. In a separate order dated April 25, 2024, the Support Magistrate directed the entry of a money judgment in favor of the mother and against the father in the principal sum of $45,736.84. In May 2024, the father filed objections to the Support Magistrate's orders. In an order dated June 14, 2024, the Family Court denied the father's objections. The father appeals.
Family Court Act § 460(1) provides that, where the Family Court has entered an order requiring any party to provide for the support of a child and the party has defaulted in paying any sum of money due as required by the order, the court shall make an order directing the entry of judgment for the amount of child support arrears, "unless the defaulting party shows good cause for failure to make application for relief from the judgment or order directing such payment prior to the accrual of such arrears" (see Matter of Damadeo v Keller, 132 AD3d 670, 672). Pursuant to Family Court Act § 454(2)(a), the court shall enter a money judgment under Family Court Act § 460 if, "after [a] hearing, the court is satisfied by competent proof that the respondent has failed to obey" any lawful order of support (id. § 454[1]).
Here, the Support Magistrate reviewed a certified Support Collection Unit account statement dated April 16, 2024, which showed arrears due and owing in the sum of $45,736.84. As there was competent proof at the hearing that the father failed to obey a lawful order of child support (see id.), the Family Court properly directed that a money judgment be entered in favor of the mother and against the father in the principal sum of $45,736.84, representing the amount of child support arrears that had accrued (see id. §§ 454[2][a]; 460[1]; Matter of Santman v Schonfeldt, 209 AD3d 742, 743).
The father's remaining contentions are either without merit or not properly before this Court.
IANNACCI, J.P., CHRISTOPHER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court