Matter of Tompkins County Dept. of Social Servs. v Sawyer (2025 NY Slip Op 07052)

Matter of Tompkins County Dept. of Social Servs. v Sawyer

2025 NY Slip Op 07052

Decided on December 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 18, 2025

CV-24-1271
[*1]In the Matter of Tompkins County Department of Social Services, on Behalf of Kenyata Terry, Appellant,
v
Xander Sawyer, Respondent.

Calendar Date:November 18, 2025

Before:Reynolds Fitzgerald, J.P., Lynch, Ceresia, Fisher and McShan, JJ.

Tompkins County Department of Social Services, Ithaca (Donielle K. Maier of counsel), for appellant.

Ceresia, J.
Appeal from an order of the Family Court of Tompkins County (Joseph Cassidy, J.), entered May 7, 2024, which, in a proceeding pursuant to Family Ct Act article 4, denied petitioner's objections to an order of a Support Magistrate.
Respondent (hereinafter the father) has two children who live with their mother. After the birth of the first child, petitioner, on behalf of the mother, obtained an order requiring the father to pay child support, as the child was receiving public assistance (see Social Services Law § 102 [1]; Family Ct Act § 422 [a]). Following the second child's birth, petitioner sought to modify the order to include this child. A Support Magistrate (Philpott, S.M.) granted the modification petition but made it retroactive only to the date of its filing, rather than to the earlier date that this child began receiving public assistance — as petitioner had requested — which was also the date of the second child's birth. Petitioner objected to the effective date set by the Support Magistrate, but Family Court dismissed the objections. Petitioner appeals.[FN1]
We reverse. Family Ct Act § 449 (2) provides that "[a]ny order of child support made under this article shall be effective as of the earlier of the date of the filing of the petition therefor, or, if the children for whom support is sought are in receipt of public assistance, the date for which their eligibility for public assistance was effective." Although the statute's application to initial orders of child support is well established (see Matter of Soldato v Benson, 128 AD3d 1524, 1525 [4th Dept 2015]; Matter of Chemung County Dept. of Social Servs. v Crane, 112 AD3d 90, 92 [3d Dept 2013]; Matter of Davis v Swain, 281 AD2d 545, 545 [2d Dept 2001]; Matter of Commissioner of Social Servs. v Benson, 216 AD2d 294, 294-295 [2d Dept 1995]), the question in this case is whether the statute applies to the subject modification order. Family Court held that it does not, relying upon our ruling in Matter of Broome County Dept. of Social Servs. v Short (234 AD2d 772, 773 [3d Dept 1996]).
However, we find Short to be distinguishable. In this case, unlike in Short, petitioner's basis for seeking a modification of the existing child support order was to add a second child. Thus, the modification order was akin to an initial order with respect to this child. Accordingly, under the unique facts and circumstances of this case, we hold that the statute is applicable such that the modification order should have been made effective as of the date that the second child became eligible for public assistance, which was the date of this child's birth. The matter must therefore be remitted to Family Court for entry of an order modifying child support consistent with this Court's ruling herein.
Reynolds Fitzgerald, J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Tompkins County for further proceedings [*2]not inconsistent with this Court's decision.

Footnotes

Footnote 1: The father has not participated in the appeal.